NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-CV-218-HRW

PHILLIPPE` L. SMITH                                                                 PLAINTIFF

VS:                   **<u>MEMORANDUM OPINION AND ORDER</u>**

HARLEY LAPPIN, ET AL.                                                           DEFENDANTS

   Phillippe' L. Smith, who is confined in Philadelphia Federal Detention Center located in Philadelphia, Pennsylvania, has filed a motion to "re-file" his claim and for an extension of time in which to file a "Notice of Appeal"; to provide him with all documents filed in this proceeding; and to note his current address/place of confinement in the record [D. E. 10]. The Court broadly construes Smith's motion as a dual submission: both as a motion seeking relief from judgment under Rule 60(b), and as a "Notice of Appeal" of the dismissal of this action almost a year ago.

   As explained below, the Court will deny Smith's construed Rule 60(b) motion to "re-file" his claims. The Court will instruct the Clerk of the Court to note in the docket sheet that Smith's submission is also a "Notice of Appeal," and to provide Smith with copies the docket sheet and specific documents filed in this proceeding.

BACKGROUND

Smith filed this civil rights action on November 24, 2008, naming as defendants five employees of the United States Penitentiary-Big Sandy ("USP-Big Sandy"), located in Inez, Kentucky. He alleged that the defendants violated his various constitutional rights while he was confined at USP-McCreary in 2008. Those claims fell under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 430 U.S. 388 (1971). He also alleged asserted property loss claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

The Court screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. On September 29, 2009, the Court entered a Memorandum, Opinion and Order and Judgment dismissing Smith's Complaint [D. E. 7 and D. E. 8].[1] The Court dismissed Smith's *Bivens* claims without prejudice, finding that it was clear from the face of the Complaint that Smith had failed to exhaust his conditions of confinement claims pursuant to 28 C.F.R. §§ 542.10-.19, and dismissed Smith's FTCA claims with prejudice, finding that the claims were barred by the immunity provisions of 28 U.S.C.

---

[1] The Court will not reiterate its detailed discussion of Smith's various *Bivens* claims here, as it is set forth in detail in the Memorandum, Opinion and Order and Judgment.

§ 2680(c) and *Ali v. Fed. Bureau of Prisons*, 128 S. Ct. 831, 835-36 (2008). D. E. 7, pp. 5-10.

Nothing in the record indicates that Postal Service returned as "Undeliverable" the copy of the Memorandum, Opinion and Order, and Judgement, which the Clerk of the Court mailed to Smith on September 29, 2009, at USP-Big Sandy, then Smith's address of record. Smith neither appealed the dismissal, nor filed a motion seeking any type of post-judgment relief.

In his current motion, Smith seeks permission to "refile" his now dismissed claims, and/or permission to file a late appeal. Smith asserts the following facts to explain his lack of activity in this proceeding over the past year:

(1)   that he never received a copy of the September 29, 2009, dismissal of this action from this Court;

(2)   that he was released from USP-Big Sandy on October 2, 2009;

(3)    that prior to his release from USP-Big Sandy, Officer "D. Chicko" from USP-Big Sandy informed Smith that he (Chicko) was going to interfere or tamper with Smith's legal mail at USP-Big Sandy;

(4)   that he has been confined in FDC-Philadelphia since March 29, 2010;

(5)   that while using a library computer at FDC-Philadelphia on August 4, 2010, he discovered for the first time that his Complaint in this proceeding had been

3

dismissed almost a year before; and

 (6) that on September 5, 2010, an inmate at FDC-Philadelphia provided him with an actual copies of the dismissal Order and Judgment in this action.

Smith argues that because Chicko allegedly threatened to tamper with his mail, and because he (Smith) was unaware that this civil rights action had been dismissed, he should be allowed to "re-file" his original claims asserted in his Complaint, and/or file a late appeal the September 29, 2009, dismissal of his Complaint. He also asks the Court to correct his address in the record and to provide him with copies of all documents "received by this Court for this case" [D. E. 10].

## DISCUSSION

To the extent that Smith wants to "re-file" his 2008 *Bivens* and FTCA claims, he is essentially seeking post-judgment relief under Federal Rule of Civil Procedure 60(b). To prevail under Rule 60(b), a party must demonstrate that the Court committed "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008).

Smith's motion does not satisfy any of these criteria, including but not limited to the requirement that the "newly discovered evidence" could not have been discovered earlier by due diligence. Smith has not shown that he exercised due

diligence in keeping himself apprised of the status of this action, including the dismissal in September of 2009. His current claim, that he was unaware of the dismissal of this action, and that Officer Chicko's alleged actions prevented him from learning about ths disposition of this case, is unconvincing and simply lacks merit.

Smith states in his motion that before he was released from USP-Big Sandy on October 2, 2009, Correctional Officer Chicko allegedly threatened him that he was going to tamper or interfere with his legal mail. Despite being armed with the knowledge of such alleged, impending, and illegal mail-tampering activity, Smith failed to inform the Court that he had been released or transferred from USP-Big Sandy on October 2, 2009; failed to apprise this Court of his new address and /or place of confinement within the BOP (to which the dismissal Order and Judgment could have been re-mailed in a timely manner); failed to lodge any inquiry about the status of this case, which he knew he had filed and which might possibly have been the target of Chicko's alleged "mail tampering and interference" activity; failed to request a docket sheet or any information as to the current activity in this proceeding; and failed to apprise the Court, at *any* time after his October 2, 2009, release or transfer from USP-Big Sandy, that an official there had threatened to tamper or interfere with his legal mail.[2]

---

[2] On October 1, 2009, one day before his release from USP-Big Sandy, Smith busied himself

Though courts have considerable discretion in granting relief from judgment pursuant to Rule 60(b), that power is limited by public policy favoring the finality of judgments. *See Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001). This is "especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Id.* (quotations & citation omitted). Accordingly, "courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Id.*

Smith's motion does not constitute an "unusual or extreme situation" where "principles of equity" mandate relief. After he was either released or transferred from USP-Big Sandy on October 2, 2009, Smith could have immediately taken various steps to apprise himself of the status of his case and take the proper post-judgment action, *i.e.*, filing a timely motion for reconsideration under Federal Rule of Civil Procedure 59(e), or a timely Notice of Appeal.

Between October 2, 2009, and September 16, 2010, the Court received no communications from Smith inquiring about the status of his case, even though he

---

by filing yet another *Bivens* civil rights action, this time in the United States District Court for the Eastern District of California. *See Smith v. Cobb*, No. 1:09-CV-01726-LJO (E.D. Ca., October 1, 2009). In that action, Smith complained about alleged conditions of his confinement in 2007, when he was confined at USP-Atwater, located in Atwater, California.

now claims that a USP-Big Sandy official had allegedly threatened to tamper or interfere with his legal mail. Because Smith failed to take reasonable actions to apprise himself of the status of this case after his release or transfer from USP-Big Sandy, he is not entitled to "re-file," or reinstate and litigate, his claims dismissed a year ago. Smith's motion to "re-file claims," construed as a Rule 60(b) motion for relief from judgment, will be denied.

The Clerk of the Court will, however, be instructed to make a separate docket notation stating that pursuant to this Order, D.E. 10 is also construed as a "Notice of Appeal." The Clerk of the Court will be instructed to notify the Sixth Circuit Court of Appeals of the construed appeal. On appeal, Smith may argue that his time to appeal should be equitably tolled.

Finally, the Clerk of the Court will be instructed to mail a copy of the Docket Sheet, and copies of D. E. 7, 8, 9, 10, and 11, along with a copy of this Memorandum, Opinion and Order, to Smith at his current address, FDC-Philadelphia. Because the Clerk of the Court has already updated the CM/ECF system to reflect Smith's current address, Smith's request on this issue is now moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Phillippe' Smith's motion to "re-file" claims and/or late appeal, D. E. 10, construed as a Rule 60(b) motion for relief from judgment, is **DENIED**;

(2) The Clerk of the Court shall make a separate docket notation stating that pursuant to this Memorandum, Opinion and Order, Smith's motion [D. E. 10] is also construed as a "Notice of Appeal";

(3) The Clerk of the Court is directed to transmit a copy of the construed "Notice of Appeal," D.E. 10, and this Memorandum, Opinion and Order, to the Clerk of the Sixth Circuit Court of Appeals; and

(4) The Clerk of the Court is instructed to mail a copy of the Docket Sheet, current through this entry, along with copies of D.E. 7, 8, 9, 10, and 11, **and** this Memorandum, Opinion and Order, to Smith at his current address, FDC-Philadelphia.

This September 28, 2010.

Signed By:
Henry R Wilhoit Jr.
United States District Judge